UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NHAN NGUYEN,

          Plaintiff,

    v.

JACK RICHARDSON et al,

          Defendants.

CASE NO. C12-5729 RBL-JRC

ORDER TO FILE AN AMENDED COMPLAINT

    The District Court has referred this 42 U.S.C. § 1983 civil rights, action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. The Court has granted plaintiff in forma pauperis status.

    The Court has reviewed the thirty-four page proposed complaint in which plaintiff names forty persons as defendants (ECF No. 1). Plaintiff's complaint is deficient and fails to comply with Fed. R. Civ. P. 8 (a).

    Plaintiff is ordered to file an amended complaint using the prisoner form provided by the Clerk's Office. The amended complaint will act as a complete substitute for the original and not

ORDER TO AMEND - 1

1   as a supplement. The complaint must be filed on or before October 19. 2012. Plaintiff needs to
2   place this cause number on the amended complaint.

3   The Court offers plaintiff the following guidance. Claims regarding property cannot be
4   maintained in a civil rights action because the State of Washington provides post deprivation
5   remedies through the state's Tort Claims Act. The deprivation of property by a state employee
6   does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation
7   remedy for the loss is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984).
8   The State of Washington provides a meaningful post-deprivation remedy for the intentional or
9   negligent loss of property by state agents and employees. *Jeffries v. Reed*, 631 F. Supp. 1212,
10  1216 (E.D. Wa. 1986). Thus, claims regarding taking of funds or property fail.

11  Plaintiff also alleges that unnamed defendants imposed "punitive sanctions" that violate
12  state and federal law (ECF No. 1, proposed complaint page 10 of 34). Plaintiff does not clearly
13  identify the sanction he believes violated his rights, who imposed the sanction, or what right or
14  duty owed him was allegedly violated. Conclusory allegations of this nature fail to state a viable
15  claim. To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the
16  defendant must be a person acting under the color of state law; and (2) the person's conduct must
17  have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws
18  of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981) (overruled in
19  part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986).
20  Implicit in the second element, is a third element of causation. *See Mt. Healthy City School Dist.*
21  *Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, 97 S. Ct. 568 (1977); *Flores v. Pierce*, 617 F.2d
22  1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, 101 S. Ct. 218 (1980). When a
23  plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.
24

1 | That plaintiff may have suffered harm, even if due to another's negligent conduct does not in
2 | itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*,
3 | 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and conclusory allegations of official participation
4 | in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976
5 | F.2d 469, 471 (9th Cir. 1992).

6 |     Plaintiff's allegations regarding his being placed on cell confinement or segregation do
7 | not state a cause of action unless the conditions of confinement themselves violate plaintiff's
8 | constitutional rights. Plaintiff has no liberty interest in avoiding segregation *Smith v. Noonan*,
9 | 992 F.2d 987, 988 (9th Cir. 1993).

10 |     Plaintiff's allegations regarding medical care and legal access do not state a cause of
11 | action because plaintiff has failed to allege any actual injury. *McGuckin v. Smith*, 974 F.2d 1050,
12 | 1060 (9th Cir. 1992), *reversed on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d
13 | 1133, 1136 (9th Cir. 1997)(medical care); *Lewis v. Casey*, 518 U.S. 343 (1996)(access to courts).

14 |     The Clerk's Office is directed to send plaintiff a blank civil rights form along with this
15 | order.

16 |     Dated this 26th day of September, 2012.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge